**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**KENRICK MOTTLEY,**

**Plaintiff,**

**v.**

**MAXIM CRANE WORKS, L.P.,**

**Defendant/Third-Pary Plaintiff.**

**v.**

**CITGO PETROLEUM CORPORATION,**

**Third-Party Defendant.**

**1:06-cv-78**

**TO: Vincent A. Colianni,II, Esq.**
**Warren B. Cole, Esq.**

**ORDER**

THIS MATTER came before the Court for consideration upon Kenrick Mottley's Motion to Strike the Answer and Third Party Complaint of Maxim Crane Works, L.P. (Docket No. 97). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff asserts that "Maxim's late answer must be stricken" for its failure to comply with Fed. R. Civ. P. 12(a) and Fed. R. Civ. P. 6(b). Motion at 2. Plaintiff claims that the third

party complaint of Defendant "must be stricken" because it was filed "more than 10 days after the answer was due" in violation of Fed. R. Civ. P. 14(a)(1). Motion at 3.

It cannot be argued that Defendant's answer was filed well out of time and not in compliance with Rule 12(a)(4)(A). It also cannot be disputed that the Court may extend the time, pursuant to Rule 6(b), where the party "failed to act because of excusable neglect." Fed. R. Civ. 6(b)(1)(B).[1] Plaintiff states that Defendant has failed to demonstrate "excusable neglect."

As Defendant explains, Defendant had filed a motion to dismiss in lieu of an answer, which motion was litigated for almost two years. After such motion was denied, the parties continued with general discovery and proceeded as if an answer had been filed. Thus, Defendant's failure to file within the specified time was merely an oversight or inadvertence. Opposition at 1-2.

Plaintiff argues, in his reply, that "the Supreme Court held in *Pioneer* that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect."'" Reply at 3 (quoting *Pioneer Inv. Services v. Brunswick*

---

1. While the record is clear that Defendant did not file a Rule 6(b) motion for extension of time prior to filing its answer, the Court finds that such failure is a "harmless technical violation and that [Plaintiff's] request for relief is a disproportionate sanction." *Harris v. King*, No. Civ.A.04-4932, 2005 WL 256457 (E.D. Pa. January 24, 2005).

*Associates*, 507 U.S. 380, 392 (1993)). It is plain, though, that Defendant does not claim ignorance of or mistake concerning the rules. Moreover, Plaintiff does not read or, perhaps, does not understand the entire *Pioneer* opinion. The language quoted by Plaintiff appears in the middle of the *Pioneer* Court's discussion of the "flexible understanding of 'excusable neglect'" *Pioneer*, 570 at 389, wherein the Court also notes that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness . . . ." *Id*. at 388-389. Being thus guided, the Court finds that Defendant's oversight constitutes "excusable neglect" for purposes of Rule 6(b). Consequently, the Court will permit Defendant's late answer. *See, e.g., Salley v. Trenton Board of Education*, 156 Fed. Appx. 470, 471 (3d Cir. 2005) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).[2]

---

2. Even if the Court found that no excusable neglect existed, the Court would be compelled to deny Plaintiff's motion to strike. As the court in *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553 (M.D. Pa. 1984), observes:

> The Court of Appeals has interpreted Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure to require that a default judgment be set aside absent prejudice to the plaintiff. *See Gross v. Stereo Component Systems*, 700 F.2d 120 (3d Cir. 1983) and cases cited therein. Thus, even if the Court were to deny Glover's motion for leave to file its answer out of time and thereafter enter a default judgment against Glover, we would likely be required under *Gross* to set aside the default judgment upon a request by Glover. We therefore conclude that case law does not allow us to deny Glover's motion for leave to file its answer out of time and thereby preclude Glover from defending this case on the merits.

*Id*. at 556. Similarly, in this matter, even if the Court struck Defendant's answer and default judgment were entered in Plaintiff's favor, such default judgment would more than likely be set aside as Plaintiff has cited no prejudice as a result of the delay in the filing of Defendant's answer.

The Court finds Plaintiff's allegation that the third party complaint "must" be stricken because it was filed more than ten (10) days after the answer "should" have been filed patently ridiculous. The rule provides, in pertinent part, "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 day after serving its original answer." Fed. R. Civ. P. 14(a)(1). Nothing in the rule itself or the case law cited by Plaintiff speaks to or makes any allowances for answers filed out of time or the date by which an answer "should have been" filed. The rule plainly states "more than 10 days after serving its original answer."

In the matter at bar, according to the record, Defendant filed its "original answer" on August 25, 2009, and Defendant filed its third-party complaint on the same day. Hence, the third-party complaint was not filed more than ten (10) days after service of the answer. Based upon the foregoing, the Court finds that the third-party complaint was properly filed.

Accordingly, it is now hereby **ORDERED** that Kenrick Mottley's Motion to Strike the Answer and Third Party Complaint of Maxim Crane Works, L.P. (Docket No. 97) is **DENIED**.

ENTER:

Dated: September 28, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE