# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

KENRICK MOTTLEY,

                              Plaintiff,                      1:06-cv-78

    v.

MAXIM CRANE WORKS, L.P.,

    Defendant/Third-Pary Plaintiff.

    v.

CITGO PETROLEUM CORPORATION,

        Third-Party Defendant.

TO:    Vincent A. Colianni, II, Esq.
         Warren B. Cole, Esq.
         Ruth Miller, Esq.

## STIPULATED PROTECTIVE ORDER

On this 8th day of January, 2010, upon stipulation of Plaintiff Kenrick Mottley, Defendant Maxim Crane Works L.P. and Third-Party Defendant CITGO Petroleum Corporation. (together, "the parties"), the Court makes the following findings:

    (a)    A protective order is needed in this matter to expedite the flow of discovery materials, protect the integrity of confidential information, promote the

        prompt resolution of disputes over confidentiality, and facilitate the confidential protection of material worthy of protection;

(b)     The sensitive nature of some information requires a protective order to adequately protect the legitimate interests of the party producing the information; and

(c)     Good cause has been shown for the entry of a protective order.

Accordingly, upon stipulation of the parties, it is hereby **ORDERED** as follows:

1.     The term "documents" as used herein means, without limitation, any written, printed, typed, photographed, recorded, photostatic, electronically stored or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. This definition shall be construed broadly and includes, without limitation, tapes, discs, data cells, servers, computer software, magnetic media, voice-mails, and all other data compilations from which information can be obtained. This definition further includes, without limitation, copies or duplicates contemporaneously or subsequently created, including those duplicate documents that have any non-conforming notes or other markings.

2. All documents, videotapes, interrogatory answers, admissions, depositions (in written transcript or video format), and other discovery materials produced or served by a party to this litigation upon an adverse party is collectively referred to hereinafter as "Discovery Material."

3. All Discovery Material containing confidential or proprietary information, including, but not limited to, trade secrets or information relating to the producing party's business operations and performance (including, without limitation, the party's business activities, forecasts, financial performance, standards, principles, practices, plans or policies) not previously disclosed to the public, may be designated by the party producing the Discovery Material as "Confidential" by that party's placing of a legend reading "Confidential" on each page thereof or similarly so designating the Discovery Materials. Except as otherwise agreed to by the parties, or ordered by the Court, disclosure of "Confidential" Discovery Material or the information contained therein shall be limited to the Court, the parties, their counsel, counsel's staff and contract lawyers and paralegals supervised by counsel, consultants and their staff, witnesses in the case (including expert witnesses and their staff), and outside document management and copying vendors retained by the

        parties or their counsel, to be used solely for the prosecution or defense of this action.

4. All Discovery Material containing information that would harm a producing party's competitive business interests and that relates to trade secrets, financial performance data that is not otherwise public, confidential business plans or projections, or information that is deemed confidential under contract with any third party, which has not previously been disclosed to the public, may be designated as "Highly Confidential" by that party's placing of a legend reading "Highly Confidential" on each page thereof or similarly so designating the Discovery Material. Except as may be otherwise agreed to by the parties, or ordered by the Court, disclosure of "Highly Confidential" Discovery Material or the information contained therein shall be limited to (a) the Court; (b) the parties' in-house counsel charged with supervision of this action; (c) each party's outside counsel of record and their staff and contract lawyers and paralegals supervised by such outside counsel; and (d) experts retained and disclosed by each party's counsel of record.

5. A party may designate Discovery Material as "Confidential" or "Highly Confidential" only if the producing party believes in good faith that such

        Discovery Material contains "Confidential" or "Highly Confidential" information, as those terms are defined in this Protective Order. Failure to designate Discovery Material as "Confidential" or "Highly Confidential" at the time of production may be remedied by timely written notice and reproduction of the materials with the appropriate designation by the producing party. All documents or materials that have been re-designated shall be fully subject to this Protective Order as if they had been designated originally as "Confidential" or "Highly Confidential."

6.    Counsel shall advise all persons to whom "Confidential" or "Highly Confidential" Discovery Material is to be disclosed of the existence and application of this Protective Order. All expert witnesses or consultants and outside document management and copying vendors retained by the parties, and witnesses and court reporters at depositions must first agree in writing to be bound to this protective order prior to such disclosure by signing an acknowledgment in the form attached hereto as Exhibit A. No disclosure of "Confidential" or "Highly Confidential" Discovery Material, other than that authorized by this Protective Order, is permitted, and neither "Confidential"

nor "Highly Confidential" Discovery Material shall be used for any purpose other than the prosecution or defense of this lawsuit.

7. If either party takes the position that Discovery Material that has been designated by the other party as "Confidential" or "Highly Confidential" is not, they shall inform counsel for the other party of the basis for their objection. Within twenty (20) days thereafter, if the parties cannot resolve the dispute, the party who produced the Discovery Material shall bring the matter to the Court for resolution. Upon such a motion to the Court, the party that produced the Discovery Material at issue shall bear the burden of establishing that such Discovery Material should continue to be afforded "Confidential" or "Highly Confidential" protection under this Protective Order. Until the Court orders otherwise, such Discovery Material shall remain "Confidential" or "Highly Confidential."

8. Portions of deposition testimony containing or reflecting "Confidential" or "Highly Confidential" business information may be designated as "Confidential" or "Highly Confidential" during the deposition or within twenty days after the production of the transcript by the court reporter. The use and disclosure of testimony designated "Confidential" or "Highly

   Confidential" shall be subject to all the limitations and requirements set forth in this Protective Order.

9. This Protective Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons under the control of the parties to whom disclosure of Discovery Materials or testimony pursuant to the terms hereof is made. Nothing herein shall restrict any party in the use of its own information or information obtained independently of the discovery proceedings in this action, whether or not such information also is obtained through discovery proceedings in this action.

10. Any person not a party who produces documents or gives deposition testimony in this proceeding, whether by reason of a subpoena or otherwise, shall be informed of this Protective Order and may invoke the provisions of this Order, as to his or her documents and testimony, by written notice or a statement on the record of a deposition to that effect. In addition, to the extent that documents and information of a third party are in the possession, custody or control of any of the parties, such third party shall be informed of this Protective Order and may invoke the provisions of this Order as to its

documents or information by written notice to that effect. Third parties that invoke the protection of this Order shall have the right to designate their documents or information as "Confidential" or "Highly Confidential" in accordance with the terms of this Order and may seek different or additional protection of their documents or information to the extent that this Order does not adequately address such third parties' confidentiality concerns.

11. Any party seeking to file "Highly Confidential" Discovery Material with the Court must file such Discovery Material under seal.

12. After the termination of this lawsuit, this Stipulated Protective Order shall continue to be binding upon the parties hereto, and upon all persons under the parties' control to whom "Confidential" or "Highly Confidential" Discovery Material and testimony, and all information derived therefrom, has been disclosed or communicated. The Court shall retain jurisdiction over the parties and all such persons for enforcement of this Protective Order's provisions.

13. Within ninety (90) days of the conclusion of the litigation, or if either party appeals a final order, within ninety (90) days of the conclusion of all appeals and any subsequent litigation and/or appeals, all "Confidential" and "Highly

Confidential" Discovery Material must either be destroyed or returned to the producing party, and each party shall provide written confirmation that they have complied with the terms of this paragraph. In the event that an adverse counsel's work product contains or reflects "Confidential" or "Highly Confidential" Discovery Material, adverse counsel shall, in accordance with this paragraph, either destroy such work product and all copies thereof or maintain it in their files where it shall be governed by the non-disclosure obligations of this Protective Order permanently.

14. The intent of this Protective Order is to provide a mechanism by which the parties may protect their business confidences and proprietary information during the discovery process. Entry of this Protective Order by the Court does not constitute an advance adjudication that any information provided pursuant to discovery is, in fact, confidential or proprietary, nor does it constitute an advance adjudication that any information provided pursuant to discovery is, in fact, otherwise admissible evidence.

15. In the event that a party wishes to disclose Discovery Material or testimony which has been designated "Confidential" or "Highly Confidential" to a person or persons other than those listed in paragraphs 3 and 4, that party

(the "Disclosing Party") shall give written notice to the Producing Party's and all other parties' counsel identifying the Discovery Material or testimony the Disclosing Party wishes to disclose, the person(s) to whom such proposed disclosure is to be made, and the purpose of the proposed disclosure (the "Notice"). If the Producing Party objects to the proposed disclosure set forth in the Notice, the Producing Party's counsel shall provide written objection(s) (the "Objection") to the Disclosing Party's counsel within fifteen (15) days after receipt of the Notice. The Producing Party's counsel and the Disclosing Party's counsel shall thereafter confer in an attempt to resolve the issues raised in the Notice and Objection without Court action. In the event that counsel are unable to resolve the issues raised in the Notice and Objection, the Producing Party shall promptly thereafter move for protection under this Protective Order to preclude disclosure to such person or persons of the Discovery Material or testimony that is the subject of the Notice. The Producing Party may not disclose the Discovery Material or testimony at issue in the Notice until an Order of the Court is issued allowing such disclosure.

16. The inadvertent production of any Discovery Material by any party shall be without prejudice to any subsequent claim by that party that such Discovery Material is attorney/client or attorney work product privileged, "Confidential" or Highly-Confidential" and shall not necessarily be deemed a waiver of any such privilege or protection. If, within twenty (20) days after Discovery Material is disclosed, a producing person notifies all recipients of a claim that materials are protected by the attorney-client or work product privilege or any other applicable privilege or protection, "Confidential" or "Highly-Confidential," the recipients shall immediately return such materials to the producing party and not make any further use of the contested material or information derived therefrom pending resolution of any issues relating thereto by the Court. Any such Discovery Material shall be treated as privileged, "Confidential" or "Highly-Confidential" until such time as the Court rules that such Discovery Material should not be treated as privileged.

17. This Protective Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this action. Nothing in this Protective Order shall prevent the parties from agreeing to amend the Protective Order, nor shall it prevent any party from

*Mottley v. Maxim Crane Works, L.P.*
106-cv-78
Order
Page 12

moving for an amendment of the Protective Order either during or after the conclusion of this action, nor shall it prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of Discovery Material as that party may consider appropriate.

ENTER:

Dated: January 8, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE