IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| KENRICK MOTTLEY | : | CIVIL ACTION |
| v. | : | |
| MAXIM CRANE WORKS L.P., et al. | : | NO. 06-78 |

MEMORANDUM

Bartle, C.J.                                                  March 26, 2010

      This is a personal injury action.  Plaintiff alleges he was servicing a crane at the HOVENSA refinery in St. Croix as an employee of Anthony International, Inc. when he was sprayed with a highly toxic fluid from a high pressure leak.  He alleges that defendant Maxim Crane Works L.P. ("Maxim") was negligently, wantonly, and wilfully directing and supervising his work when the accident occurred.

      Maxim thereafter filed a third-party complaint against CITGO Petroleum Corporation ("CITGO").  Now before the court is CITGO's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this pleading for failure to state a claim upon which relief can be granted.  For present purposes, we take all well-pleaded facts as true.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

      Maxim asserts in the third-party complaint that CITGO manufactured and then distributed the toxic fluid to HOVENSA which in turn supplied it to plaintiff's employer for use at the

refinery. The allegations continue that if Maxim had a duty to supply warnings about the fluid to plaintiff, it relied on the adequacy of the labels and warnings including the Material Safety Data Sheets provided by CITGO. If the warnings were not adequate, Maxim contends CITGO is liable over to it. Maxim, in sum, pleads that if it is liable to plaintiff, CITGO "should be required to indemnify Maxim and hold it harmless for any and all amounts which Maxim may be adjudged liable to pay plaintiff ..."

CITGO maintains that the third-party complaint should be dismissed because as a matter of law Maxim is not entitled to indemnity even if we accept as true the well-pleaded facts. The Virgin Islands has adopted the Restatement (Third) of Torts. <u>See</u> V.I. Code Ann. tit. 1, § 4 (2010). Section 22 provides:

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
>
>   (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
>
>   (2) the indemnitee
>
>     (i) was not liable except vicariously for the tort of the indemnitor, or
>
>     (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.

Restatement (Third) of Torts § 22.

It is undisputed that no contract of indemnity exists between Maxim and CITGO. Further, Maxim is not subject to vicarious liability. This is not a situation, for example, where Maxim is seeking indemnity against its employees who were negligent while acting within the scope of their employment. Finally, we do not have here any allegation that CITGO was a seller of the product in question to Maxim. Accordingly, Maxim has not set forth a claim for indemnity under § 22 of the Restatement (Third) of Torts.

Maxim has another argument. It maintains that if CITGO is correct with respect to indemnity, Maxim may still seek common law contribution from CITGO under the facts alleged. CITGO does not dispute that Maxim would be entitled to contribution if the alleged facts are established. The third-party complaint nowhere uses the word contribution. However, the prayer for relief, which explicitly seeks indemnity, also requests that Maxim "have such further ... and other relief in its favor as the court may deem just and proper." The question is whether this is sufficient to plead contribution.

Two recent Supreme Court decisions have clarified the pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Here, the third-party complaint contains "sufficient factual matter, accepted as true,

to 'state a claim to relief [for contribution] that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949.

Accordingly, we will grant the motion to dismiss the third-party complaint insofar as it seeks indemnity against CITGO but deny the motion insofar as Maxim seeks other relief in the nature of contribution.  Maxim shall file a third-party complaint making explicit what is now implicit with respect to contribution but with no reference to indemnity.